UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHAWN LACOSTE**<br>     **LA. DOC #485119**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-3100**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **TIMOTHY DUCOTE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Shawn Lacoste, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 14, 2013. When he filed this suit, plaintiff was an inmate in the custody of Louisiana's Department of Corrections; he was incarcerated at the Bossier Parish Medium Corrections Center; however, he complained that he was the victim of an assault by inmates at the Jackson Parish Corrections Center (JPCC). He sued JPCC Warden Timothy Ducote, Lt. Robin Swearengin, and Lt. LeBlanc for failing to protect him from the assault and "on call nurse (Jane Doe)" for failing to provide prompt medical attention to his injuries. He prayed for compensatory damages.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41.

*Statement of the Case*

Plaintiff filed his original complaint on November 14, 2013. Therein he complained that he was assigned to A Dorm at JPCC on November 5, 2012. Sometime thereafter plaintiff asked

for a transfer to another dorm because he "felt unsafe." The defendants ignored his request, and on November 14 he was attacked by three inmates who were armed with shanks and padlocks. The assault stopped when a corrections officers observed the affray and turned on the dorm lights. Plaintiff claimed there was a 5 hour delay before he received medical attention. [Doc. 1] On January 13, 2014, plaintiff submitted an application to proceed *in forma pauperis* [Doc. 5] and on January 14, 2014, his motion was granted. [Doc. 7] On February 28, 2014, the undersigned completed an initial review of the complaint and directed plaintiff to amend his complaint within 30 days to cure certain deficiencies. [Doc. 10] On March 31, 2014, plaintiff requested an extension of time to respond to the amend order. Therein he claimed that he would be released from incarceration on April 25, 2014, at which time he would retain counsel to pursue his claims. [Doc. 11] The undersigned granted plaintiff's motion and directed him to amend his complaint by May 31, 2014. [Doc. 12] On April 22, 2014, plaintiff advised the Court that he was residing at a residential address in Crowley, Louisiana. [Doc. 13] The May 31 deadline has passed and plaintiff has not amended his complaint as ordered; nor has he requested a further extension of time or otherwise corresponded with the Court.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has not complied with the order and has not contacted the Court for a period of almost 60 days.[1] Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a court order. Furthermore, plaintiff is proceeding *in forma pauperis* and it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of court orders reflects his own contumaciouness or "stubborn resistance to authority" which is personally attributable to him as a *pro se* litigant.

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, June 17, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE